IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BEVERLY WEST**                                                                  **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-03062**

**CIRCUIT JUDGE CHARLES SCOTT**
**JACKSON and CIRCUIT COURT OF**
**CARROLL COUNTY**                                      **DEFENDANTS**

## ORDER

Plaintiff proceeds in this matter *pro se* and seeks to proceed *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP.

### I. BACKGROUND

Plaintiff filed her Complaint on August 7, 2019. (Doc. 2). Plaintiff brings her complaint in both this and her underlying state court case as a "sovereign citizen." *Id.* at 9, 21-22, 25.

Plaintiff alleges that on March 30, 2018, Judge Charles Scott Jackson wrote a minute order "not permitting Plaintiff to file further documents" in her state case without prior court approval. *Id.* at 5. Plaintiff attached a copy of her complaint in the state court case, in which she sued the Carroll County Road Department because she was walking along CR 906 when she stepped to one side because she heard a vehicle approaching and then fell approximately 15 feet and was injured. *Id.* at 15-21. Plaintiff attached a copy of the order issued by Judge Jackson, which stated:

This Court dismissed plaintiff's complaint by Court order dated 1-27-17.

1

> Plaintiff's motion for reconsideration was denied on 7-21-17.
> Since that date, plaintiff continues to file documents herein, including a writ of garnishment, stating she has a $2,000,000 judgment against the County. This could be confusing to persons presented with this document.
>
> Therefore, plaintiff shall not be permitted to file any further documents in this case without Court approval.

*Id.* at 33. Plaintiff alleges she was harmed by this order because she could not file a writ of error rescinding the minute order. *Id.* at 5. She further alleges this delayed her case and denied her due process rights. *Id.* Plaintiff cites 18 U.S.C. § 242 as the basis for federal question jurisdiction. *Id.* at 4.

Plaintiff seeks declaratory and punitive damages. She does not indicate if she proceeds against Defendants in their official capacity, personal capacity, or both.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v.*

2

*Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Circuit Judge Charles Scott Jackson

Judge Jackson, a Circuit Judge for the Nineteenth East Judicial District,[1] is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here. Plaintiff's claims against Defendant Jackson are subject to dismissal.

### B. Circuit Court of Carroll County

A Circuit Court is not a person or a legal entity subject to suit under § 1983. *See, e.g., Harris v. Missouri Ct. of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (a court is not a "person" within the meaning of the Civil Rights Act.). "Likewise, courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under

---

[1] Plaintiff identified this Defendant as an Arkansas Circuit Court Judge. Research by the Court confirmed his state judicial position. https://www.arcourts.gov/directories/circuit-judges/hon-scott-jackson. (last accessed Aug. 13, 2019).

3

the eleventh amendment." *Id.* Plaintiff's claims against the Arkansas Circuit Court of Carroll County are subject to dismissal.

### C. 28 U.S.C. § 242 Claim

18 U.S.C. § 242 defines a criminal offense. There is no private cause of action under this statute. *See, e.g., Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17 (D.D.C. 2003) (observing that 18 U.S.C. §§ 242 and 371 are criminal statutes and provide no private cause of action). Plaintiff is, therefore, precluded from bringing any claims under this statute.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**, and her Motion for IFP status (Doc. 3) is **DENIED**.

**IT IS SO ORDERED** on this 5th day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE